CHARLES GOLDSBERRY v. STATE.

No. A-5655.   Opinion Filed Feb. 12, 1927.
(252 Pac. 1115.)

Titus & Talbot, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, Charles Goldsberry, was convicted in the county court of Alfalfa county, on the 10th day of March, 1925, the same being a day of the regular January term of said court, upon a charge of transporting and carrying certain spirituous liquors from one point in the state of Oklahoma to another, and his punishment fixed at confinement in the county jail of Alfalfa county for a period of 30 days, and that he pay a fine of $100 and costs of the prose-

cution. The appeal was lodged in this court June 25, 1925. No brief has been filed on behalf of the plaintiff in error, and no application made for oral argument when the case was assigned for argument before this court.

The information charges that the plaintiff in error had unlawfully, willfully, knowingly, and wrongfully conveyed, transported, and carried certain spirituous, vinous, fermented, malt, and intoxicating liquor, to wit, from some point or place unknown to a point and place in Alfalfa county, State of Oklahoma, to wit, to a point or place in the public highway at the northeast corner of section 9, township 28 north, range 9 west of the Indian meridian, Alfalfa county, Okla.

The proof on behalf of the state tends to establish that Goldsberry was driving along the highway at the point where it is designated that he transported the liquor to, and that Dare Goss, the sheriff, and Earl Gold, his deputy, were in the grass near this point and saw a car stop and put something out in the grass; that they went up and searched the place and found a fruit jar with about a pint and a half of whisky in the jar; that they left it where they found it, or near there, and waited, and in about 25 or 30 minutes the defendant, Goldsberry, in company with Jesse Cox, came to the point where they had seen the car stop, and searched for a time, and finally backed the car to where the light revealed what they were looking for, and just as they were picking up the whisky the sheriff and deputy came upon them; defendant, Goldsberry, started to run and spilled or carried the whisky with him, but was caught by the sheriff. The car that came to the place where they had seen the party get out and leave the whisky carried the same license number that the car defendant and Jesse Cox returned into the place to get the whisky.

The defendant denied that he had anything to do with the whisky, admitted that he drove by the point where the whisky was found on his way to a house where a dance was being given, and claimed that he had started from the dance down the road to a house to see a Mr. Frank Goff, to see something about him paying for an injury to his car which occurred some days before. Cox also testified that he was going with the defendant down to see this man, but that he did not know anything about the whisky.

The plaintiff in error assigned five errors alleged to have been committed by the trial court in this case. The court has carefully examined the assignment of errors and the testimony contained in the record. The record fails to disclose any fundamental error prejudicial to the rights of the plaintiff in error; in fact, the record clearly shows that he had a fair and impartial trial, and that he was duly and legally convicted.

The judgment of the trial court is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.